UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ANGEL DE LA CRUZ

                    Plaintiff,



                  -against-

THE CITY OF NEW YORK (CITY), THE
NEW YORK CITY POLICE DEPARTMENT
(NYPD); POLICE OFFICER MICHAEL WALSH
P.O. HEWITT PO SCHOFER
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY AS NEW YORK CITY
POLICE OFFICERS   AND
OTHER OFFICERSWHOSES IDENTITIES ARE
UNKNOWN AT THE PRESENT TIME INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY.

                  Defendants.

---------------------------------------------------------X

Plaintiff, Angel De La Cruz, by and through his attorney, Andres Manuel Aranda, Esq., respectfully shows to this Honorable court and alleges as follows:

## INTRODUCTION

1. This is an action commenced by Plaintiff for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving Plaintiff of his rights secured and guaranteed by the Constitution and laws of the United States and the State of New York.

   Plaintiff alleges that Defendants through said Police Officers deprived him of the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, his 14th amendment due process rights were violated and he was arrested without probable cause and Maliciously Prosecuted.

   This action has been commenced within three years Plaintiffs claim arose by reason of the favorable termination of the criminal prosecution in favor of the Plaintiff on May 12, 2010. Mr. De La Cruz was arrested on November 21, 2008.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Section 1983 and 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Section 1331, 1341(1-4) and 2202.

4. Venue is proper in the districts pursuant to 28 U.S.C. Section 1391(b).

## JURY DEMAND

5. Plaintiff demands a trial by jury in the within action.

## PARTIES

6. Plaintiff, Angel De La Cruz, is a Legal Permanent Resident of the United States residing in The Bronx.

7. Defendant City of New York (CITY), is a municipal corporation organized under the laws of the State of New York and the public employers of the police officers named herein as defendants in this action. The City is responsible for the actions and inactions of its employees acting under color of law under the theory of respondeat superior.

8. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the city of New York.

9. At all times relevant herein, Defendant Police Officers (names unknown) were police officers assigned to the 34th precinct, acting as agents, servants and employees of the defendant City and NYPD, acting in furtherance of the business of the City of New York and within the scope of their employment and under color of law; to with under color of statuses, ordinances, regulations, policies, customs and usages of the CITY and the NYPD.

## FACTUAL ALLEGATIONS

10. On November 21, 2008 at approximately 6:30 to 7:15 in the afternoon, Mr. Angel De La Cruz was on his way to get a haircut at Miguel Angel Barber Shop. Mr. De La Cruz parked his car on 182nd and Audobon Avenue, in New York County. He then entered the Barber Shop and was told to return in 20-25 minutes for his turn. He proceeded to return to his car when he heard his name. He realized that

Christian Colon, his friend was calling out to him. He immediately went toward's his friend's red car (that was parked by the pump on Audobon) and greeted him. Christian asked him about what he was doing. He replied that he was waiting his turn for a haircut. had approximately 20 minutes. Christian informed him that he was not leaving for a while and invited him to enter the car so they can talk for a little bit while he waited for his turn. When he entered the car, an acquaintance was also present.

11. Approximately, 2 to 3 minutes after he entered the car, the car was surrounded by New York City Undercover Police Officers. The acquaintance seated on the passenger side ran out of the car. When Mr. De La Cruz realized that the Police were surrounding the car and that the acquaintance ran out, he repeatedly asked his friend, "what's going on, Why is he running?" Christian responded by saying, "stop worrying, I am in trouble now... I could not have gotten arrested again.... This prompted further questioning from Mr. De La Cruz. He asked, "Why? What were you guys doing?" Christian kept repeating the same things over and over in a nervous voice. Mr. De La Cruz had no idea of what was going on. He realized he was about to be arrested.

12. The acquaintance trying to run from the Police fostered a hot pursuit. The remaining Police had their guns drawn and were holding Christian and Mr. De La Cruz at gunpoint pending the capture of the third person.

13. Once the third person was apprehended, Mr. Angel De La Cruz and Christian Colon were placed under arrest. They searched Mr. Colon and found that he was in possession of contraband.  They then proceeded to conduct a search on Mr. De La Cruz. They found nothing because Mr. De La Cruz was not part of whatever criminal activity the other men were involved in. In fact, the Officer that conducted the search on Mr. De La Cruz inquired as to what was to be done with him in light on the fact that he has no contraband or other incriminating evidence on him or relating to him. The responding officer directed him to escort Mr. De La Cruz to the precinct where he would decide what to do with him. The officer followed the order and took Mr. De La Cruz to the 34th Precinct.

14. At the precinct, Mr. De La Cruz asked why he was placed under arrest and what charges were being made against him. He explained to the police officer that he had nothing to do with what was going on. The officer responded that he was placed under arrest for the simple fact that he was in the car.

15. Mr. De La Cruz was arraigned in New York County Criminal Court and charged with *Criminal Sale of a Controlled Substance in the Thirdt Degree and Criminal Possession of a Controlled Substance in the First Degree*. He was released on $5,000 bail on November 22, 2008. He was given a court date to return within a week or two. He returned to court and was given a January court date. This court date was once again changed to an earlier court date in January which he attended with his attorney, Andres M. Aranda, Esq. and there he was

informed that his bail was raised and the case was moved up to the Supreme Court. The DA was asking for a total of $40,000 bail because the Grand jury indicted. The Judge then reduced the bail to $25,000. The $25,000 were paid in Bail Bonds. The charge was an A-1.

16. Mr. De La Cruz spent an additional 6 days in jail while the bail was posted as a direct consequence of the bail being raised.

17. After posting the $25,000 bail he was released on January 21, 2009 and given a February 18 court date.

18. This ordeal greatly traumatized Mr. De La Cruz, who as a result of this incident was assaulted, psychologically battered, incarcerated and deprived of his freedom for over one year, which he spend sitting in Ryker's Island.

## DAMAGES

19. As a direct and proximate result of the said acts of the Defendants, Mr. Angel De La Cruz suffered the following injuries and damages:

   a. Violation of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America;
   b. Loss of physical liberty due to handcuffing and incarceration;
   c. Humiliation, embarrassment and injury to reputation;
   d. Attorney fees;
   e. Pain and suffering as a result of being punched and kicked by members of the NYPD;
   f. Physiological pain and suffering as a result of being handcuffed, incarcerated, falsely accused and maliciously prosecuted;
   g. Malicious prosecution;
   h. False arrest;
   i. Assault;
   j. Battery.

## CAUSE OF ACTION

### COUNT ONE
### 42 U.S.C. Sections 1981 and 1983- FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS: FALSE AREST AND MALICIOUS PROSECUTION

20. Paragraphs 1-19 are incorporated by reference as though fully set forth herein.

21. Plaintiff did not commit a crime, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights, as set forth in

the Constitution of the United States, particularly 42 U.S.C. Section1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects citizens against an unreasonable searches and seizures. The Plaintiff herein, Angel De La Cruz, claims that his search and arrest was unlawful because it was done without probable cause that He had not committed a crime. In fact, he asked the arresting officers why he was being arrested in light of the fact that he was not involved in any criminality. The Police Officers were aware that the search did not yield any controlled substance on the person of Mr. De La Cruz. In fact, it appears that the Police had been watching the aforementioned vehicle and they must, therefore, have seen Mr. De La Cruz enter the vehicle moment before they rushed it with guns drawn.

22. As a direct result of the defendants', their agents, servants and employees, illegal actions, inactions, negligence, failure to properly investigate and over all conduct, the Plaintiff was arrested and imprisoned, until he was released. He spent some Three hundred forty-five days in jail.

21. That Plaintiff, Mr. De La Cruz, was and is emotionally distressed as a direct resul of this wanton arrest.
22. As a result of the Defendants' actions, the Plaintiff was unjustly, maliciously and wantonly deprived of his liberty.
23. That the Defendants, Police Officers, acting under color of authority, did not have any probable cause whatsoever to arrest, detain, hold, prosecute, assault, batter, humiliate or cause physiological damage to Mr. ANGEL DE LA CRUZ.
24. That at all times herein mentioned, the Defendants were employed in their respective captivities by the Defendant City and New York City Police Department and were acting under color of their official capacity and their acts were performed under color of the policies, statues, ordinances, rules and regulations of the CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT AND SAID CITY IS RESPONSIBLE FOR THEIR ILLEGAL CONDUCT AS RESPONDEAT SUPERIOR.
25. That at all times hereinafter mentioned, the Defendants, Police Officers were acting under color of their official capacity as New York City Police Officers, individually and jointly.
26. That during all times hereinafter mentioned, the Defendants, Police Officers and each of them, separately and in concert acted under color and pretense of law, to with under color of statuses, ordinances, regulations, customs and usages of the City and the Defendant herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the Plaintiff, Angel De La Cruz and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States to with: to be free from warrant-less searches and arrest without probable cause. The Defendant's actions played a substantial role in bringing about a deprivation of the Fourth Amendment's right to be free of unreasonable search and seizure and restraint on his liberty without due process and arrest without probable cause. All of the named Defendants acted with malice.

## SECOND CAUSE OF ACTION

27. The Defendants, each and every one of them, maliciously prosecuted the Plaintiff, causing him to have to hire an attorney and to appear in court on a number of occasions.
28. That because of the malicious prosecution of the defendant, he was caused to be anxious, in fear of going to jail and loosing his liberty; and was stressed to the point of not sleeping at night worrying for his future.
29. That as a result of the malicious prosecution in the part of the Defendants, Plaintiff spent over one year days incarcerated, deprived of his liberty and freedom of movement and worried that he might stay in jail unjustly and unjustifiably.

## THIRD CAUSE OF ACTION

30. That at the time that he was arrested, Plaintiff was assaulted, battered, handcuffed by the Defendants who were then acting in their official capacity as Police Officers of the New York City Police Department, employees of the City of New York.
31. That as a result of this, the Plaintiff has sustained trauma, contusions, black and blues, pain, suffering, humiliation, degradation, all done under color of law and without probable cause or justification.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00)

WHEREFORE, Plaintiff requests the following relief as against all of the defendants, individually and jointly:

1. Award compensatory damages in the amount Twenty Million Dollars on each cause of action.
2. Punitive damages in the sum of Ten Million Dollars.
3. For such and other and further relief as to this Honorable Court may deem just and proper.

Dated: Bronx, New York

ANDRES MANUEL ARANDA
930 Grand Concourse, Suite 1A
Bronx, New York 10451
(718) 590-1904
(718) 541-9241
amarandawill.c.u@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CHRISTIAN COLON,
ANGEL DELACRUZ,

Defendants.

-----------------------------------------------------------

MOTIONS
2/18/09

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuse the defendants of the crime of **CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE**, in violation of Penal Law §220.21(1), committed as follows:

The defendants in the County of New York, on or about November 21, 2008, knowingly and unlawfully possessed one or more preparations, compounds, mixtures and substances containing a narcotic drug, to wit, codeine, and said preparations, compounds, mixtures and substances were of an aggregate weight of eight ounces or more.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of the crime of **CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE**, in violation of Penal Law §220.21(1), committed as follows:

The defendants in the County of New York, on or about November 21, 2008, knowingly and unlawfully possessed one or more preparations, compounds, mixtures and substances containing a narcotic drug, to wit, dihydrocodeinone, and said preparations, compounds, mixtures and substances were of an aggregate weight of eight ounces or more.

20 uco L4 vov

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of the crime of **CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE**, in violation of Penal Law §220.39(1), committed as follows:

The defendants in the County of New York, on or about November 21, 2008, knowingly and unlawfully sold to another individual, a narcotic drug, to wit, oxycodone.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendant CHRISTIAN COLON of the crime of **UNLAWFUL POSSESSION OF MARIHUANA**, in violation of Penal Law §221.05, committed as follows:

The defendant CHRISTIAN COLON, in the County of New York, on or about November 21, 2008, knowingly and unlawfully possessed marihuana.

ROBERT M. MORGENTHAU
District Attorney

GJ #5A-9

Filed:

CCI 2008NY086921,
2008NY086922

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CHRISTIAN COLON,
ANGEL DELACRUZ,

Defendants.

No. 

INDICTMENT

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, P.L. §220.21(1), 2 Cts
CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, P.L. §220.39(1)
UNLAWFUL POSSESSION OF MARIHUANA, P.L. §221.05 - DEF. C. COLON

ROBERT M. MORGENTHAU, District Attorney

A True Bill

Foreman

Brian McDonald
Trial Bureau 30

ADJOURNED TO PART F ON 3/9/2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANGEL DELACRUZ,

Defendant.

---

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the defendant of the crime of **CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEGREE**, in violation of Penal Law §220.09(3), committed as follows:

The defendant, in the County of New York, on or about November 21, 2008, knowingly and unlawfully possessed one or more preparations, compounds, mixtures and substances containing a narcotic preparation, to wit, codeine, and said preparations, compounds, mixtures and substances were of an aggregate weight of two ounces or more.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEGREE**, in violation of Penal Law §220.09(3), committed as follows:

The defendant, in the County of New York, on or about November 21, 2008, knowingly and unlawfully possessed one or more preparations, compounds, mixtures and substances containing a narcotic preparation, to wit, dihydrocodeinone, and said preparations, compounds, mixtures and substances were of an aggregate weight of two ounces or more.

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIFTH DEGREE**, in violation of Penal Law §220.06(1), committed as follows:

The defendant, in the County of New York, on or about November 21, 2008, knowingly and unlawfully possessed a controlled substance, to wit, codeine, with intent to sell the same.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIFTH DEGREE**, in violation of Penal Law §220.06(1), committed as follows:

The defendant, in the County of New York, on or about November 21, 2008, knowingly and unlawfully possessed a controlled substance, to wit, dihydrocodeinone, with intent to sell the same.

CYRUS R. VANCE, JR.
District Attorney

GJ #-3-39

Filed:

No.

WAIVED

2008NY086922

This Indictment fully supersedes Indictment #6488/2008, which is presently pending in Part 32

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANGEL DELACRUZ,

Defendant.

INDICTMENT

CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEGREE, P.L. §220.09(3), 2 Cts
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FIFTH DEGREE, P.L. §220.06(1), 2 Cts

CYRUS R. VANCE, JR., District Attorney

A True Bill

Foreman

Brian McDonald
Trial Bureau 30

ADJOURNED TO PART 32  ON MAY 12, 2010

```
              SUPREME COURT OF THE STATE OF NEW YORK        FEE:$10.00
                           NEW YORK COUNTY
                           100 CENTRE STREET
                           NEW YORK, NY 10013


                     CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 06/07/2011                 CERTIFICATE OF DISPOSITION NUMBER: 36240

PEOPLE OF THE STATE OF NEW YORK   CASE NUMBER:            06488-2008
               VS.                LOWER COURT NUMBER(S):  2008NY086922
                                  DATE OF ARREST:         11/21/2008
                                  ARREST #:               M08699469
                                  DATE OF BIRTH:          09/20/1979
DELACRUZ, ANGEL                   DATE FILED:             12/23/2008

          DEFENDANT
```

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS ON FILE IN THIS OFFICE THAT ON 05/12/2010 THE ABOVE ACTION WAS DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE  CARRO,G   THEN A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST AND PROSECUTION".


IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL ON THIS DATE 06/07/2011.

                                              COURT CLERK

rcvd
6/7/11

# New York State Unified Court System

## WebCrims

## Case Details - Summary

**CASE INFORMATION**

Court: **New York Supreme Court - Criminal Term**
Case #: **02187-2010**
Defendant: **Delacruz, Angel**

### Defendant

Name: **Delacruz, Angel**
Birth Year: **1979**
NYSID: **872045Q**

### Incident and Arrest

**Incident**
Date: **November 21, 2008**
Summons/Ticket #:
CJTN: **63286928Z**

**Arrest**
Date & Time: **November 21, 2008 19:14**
Arrest #: **M08699469**

**Officer**
Agency: **NYPD**
Command: **34**

### Attorney Information

**Defense Attorney**
Name: **Aranda, A**
Type: **Private (Retained)**
Court Date: **November 18, 2010**
Court Part: **32**
Phone: **000 - 000 - 0000**

**Assistant District Attorney**
Name: **Mcdonald, B**
Assigned: **November 18, 2010**

### Next Appearance

Date: **January 3, 2011**
Court: **New York Supreme Court - Criminal Term**
Judge: **Carro, G**
Part: **32**

# New York State Unified Court System

## WebCrims

### Case Details - Charges

**CASE INFORMATION**

Court: New York Supreme Court - Criminal Term
Case #: 02187-2010
Defendant: Delacruz, Angel

| Charge | Detail | | Disposition/Sentence |
|---|---|---|---|
| PL 220.09 03 **TOP CHARGE** | C Felony, 1 count, Not an arrest charge, Not an arraignment charge | | |
| | Description: | Crim Poss Narco Prep | |
| | Indictment Count: | 1 | |
| | Weapon/Drug: | Dangerous Drug | |
| | Date Added: | 05/12/2010 | |
| PL 220.06 01 | D Felony, 1 count, Not an arrest charge, Not an arraignment charge | | |
| | Description: | Crim Poss Contl Sub W/int | |
| | Indictment Count: | 3 | |
| | Weapon/Drug: | Dangerous Drug | |
| | Date Added: | 05/12/2010 | |
| PL 220.06 01 | D Felony, 1 count, Not an arrest charge, Not an arraignment charge | | |
| | Description: | Crim Poss Contl Sub W/int | |
| | Indictment Count: | 4 | |
| | Weapon/Drug: | Dangerous Drug | |
| | Date Added: | 05/12/2010 | |
| PL 220.09 03 | C Felony, 1 count, Not an arrest charge, Not an arraignment charge | | |
| | Description: | Crim Poss Narco Prep | |
| | Indictment Count: | 2 | |
| | Weapon/Drug: | Dangerous Drug | |
| | Date Added: | 05/12/2010 | |

# New York State Unified Court System

## WebCrims

## Case Details - Appearances

**CASE INFORMATION**

Court:       New York Supreme Court - Criminal Term
Case #:      02187-2010
Defendant:   Delacruz, Angel

| Date/Part | Judge | Calendar Section | Arraignment/Hearing Type | Court Reporter | Outcome/Release Status |
|---|---|---|---|---|---|
| 01/03/2011 32 | Carro, G | TRIALS AM | No Type | | |
| 12/15/2010 32 | Carro, G | TRIALS AM | No Type | Siano, S | Adjourned Released on Recognizance |
| 11/30/2010 32 | Carro, G | TRIALS AM | No Type | Rizzo, F Pearce-bates, Susan | Adjourned Released on Recognizance |
| 11/29/2010 32 | Carro, G | TRIALS AM | No Type | Pearce-bates, S Rizzo, R | Adjourned Released on Recognizance |
| 11/23/2010 32 | Carro, G | TRIALS AM | No Type | Pierce-bates, S Rizzo, F | Adjourned Released on Recognizance |
| 11/22/2010 32 | Carro, G | TRIALS AM | No Type | Rizzo, F Pierce-bates, S | Adjourned Released on Recognizance |
| 11/18/2010 32 | Carro, G | TRIALS AM | No Type | Conroy, E Rizzo, F | Adjourned Released on Recognizance |
| 11/16/2010 32 | Carro, G | TRIALS AM | No Type | Pierce-bates, S | Adjourned Released on Recognizance |
| 11/08/2010 32 | Carro, G | TRIALS AM | No Type | Pierce-bates, S | Adjourned Released on Recognizance |
| 10/27/2010 32 | Carro, G | TRIALS AM | No Type | Eisenberg, Laurie | Adjourned Released on Recognizance |
| 10/20/2010 32 | Carro, G | TRIALS AM | No Type | Eisenberger, Laurie | Adjourned Released on Recognizance |
| 09/30/2010 32 | Carro, G | TRIALS AM | No Type | Magnicarri, T Mccardle-chan, E | Adjourned Released on Recognizance |
| 09/15/2010 32 | Carro, G | TRIALS AM | No Type | Magniccari, T | Adjourned Released on Recognizance |
| 07/28/2010 32 | Fitzgerald, D | TRIALS AM | No Type | Seltzer, B | Adjourned Released on Recognizance |
| 07/07/2010 32 | Carro, G | TRIALS AM | No Type | Tauber, A | Adjourned Released on Recognizance |
| 06/30/2010 32 | Carro, G | TRIALS AM | No Type | Greenspan, G Tauber, A | Adjourned Released on Recognizance |

| | | | | | | |
|---|---|---|---|---|---|---|
| 05/12/2010 32 | Carro, G | ARRAIGNMENTS | Regular | | Fleming, J Moscato, A | Pled Not Guilty Released on Recognizance |
| 05/11/2010 GRAND JURY | | MISCELLANEOUS | No Type | | | True Bill Released on Recognizance |